UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JASON BRADLEY TAPIA,<br><br>Petitioner,<br><br>v.<br><br>SULLIVAN, WARDEN,<br><br>Respondent. | Case No. EDCV 09-00539 GAF (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a Petition for a writ of habeas corpus ("Petition") brought by Jason Bradley Tapia ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises two claims directed at Petitioner's 2004 conviction and related sentence of 44 years and 4 months that he sustained following a jury trial in the California Superior Court for the County of Riverside (case no. RIF107101). For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

///

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). The limitation period typically begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///
///
///

The relevant state court records[1] show Petitioner sustained his underlying conviction on April 13, 2004, and was sentenced on May 20, 2004. (Official records of California courts.) The Petition and relevant state court records also establish that the California Supreme Court (case no. S137514) denied his petition for review on October 26, 2005, and that Petitioner never filed a petition for certiorari with the United States Supreme Court. (Pet. at 2-3; Official records of California courts.) Therefore, for purposes of AEDPA's limitation period, Petitioner's judgment became final on January 24, 2006, the ninetieth day after the state high court denied his petition for review and the last date for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, January 25, 2006, and ended a year later on January 24, 2007. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitation period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not sign, date, and constructively file his pending Petition in this matter until March 5, 2009[2] -- 771 days after the expiration of the limitation period.

---

[1] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). On March 11, 2009, Petitioner filed his pending Petition with the United States District Court for the Southern District of California and it was subsequently transferred to, and filed with, this Court on March 17, 2009. For purposes of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on March 5, 2009, the date he signed it and the earliest date he could have delivered it to prison authorities for mailing to the Southern District of California. (Pet. at 12.)

Accordingly, absent some basis for tolling or an alternative start date to AEDPA's limitation period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

**C.     Statutory Tolling**

AEDPA provides a statutory tolling provision that suspends the limitation period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

Further, to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his *first* state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitation period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2001).

Petitioner did not constructively file[3/] his first state habeas petition with the state trial court (case no. INC064675) until January 25, 2007, 1 day after the expiration of the limitation period. (Pet. at 4, Ex. P; Court's Ex. 1.) Consequently, Petitioner is not entitled to statutory tolling for any of his state habeas petitions[4/] because they were all filed after the end of the limitation period. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (a state application for post-conviction relief does not revive the one-year limitation period if it has already expired); *see also Jiminez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259; *Green*, 223 F.3d at 1003.

Accordingly, the Petition, attached exhibits, and relevant state court records establish that this Petition, constructively filed on March 5, 2009, is untimely by 771 days (the amount of untolled time between the limitation deadline (01/24/07) and the

---

[3/]  The mailbox rule applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). Despite attaching 145 pages of exhibits and other materials to his Petition, Petitioner did not attach a copy of his first state habeas petition. However, pursuant to the Court's request, the Riverside Superior Court has provided the Court with copies of the cover and signature pages from Petitioner's first state habeas petition. The signature pages show Petitioner signed and dated his first habeas petition on January 25, 2007, and the cover page shows it was filed on January 30, 2007 (copies of the cover and signature pages are attached as Exhibit 1 to this Order). For purposes of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed his first state habeas petition on January 25, 2007, the earliest date that he could have deposited or delivered his first habeas petition to the institution's internal mailing system for mailing to the state court. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

[4/]  *See Tapia v. Ironwood State Prison*, No. INC064675, Cal. Super. Ct. (filed Jan. 30, 2007, denied Feb. 16, 2007); *In the Matter of Jason Tapia*, No. RIC467361, Cal. Super. Ct. (filed and denied Apr. 6, 2007); *In re Jason Tapia on Habeas Corpus*, No. E044559, Cal. App. Ct., 4th Dist./Div. 2 (filed Nov. 27, 2007, denied Dec. 04, 2007); *Tapia (Jason Bradley) on H.C.*, No. S159156, Cal. Supreme Ct. (filed Dec. 17, 2007, denied June 11, 2008). (Pet. at 3-4, Exs. P, R, S, T; Official records of California courts; Court's Ex. 1.)

Petition's constructive filing date (03/05/09)).

### D. Alternative Start of the Statute of Limitations

#### 1. State-Created Impediment

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

#### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C).

In ground two, Petitioner raises an upper term sentencing error claim based upon *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856 (2007), which he claims to have announced a "new rule." (Pet. at 7.)

To the extent Petitioner purports to argue that he is entitled to an extension of the limitation period because he believes *Cunningham* announced a new rule governing upper term sentencing, Petitioner's reliance on *Cunningham* is misplaced for several reasons. First, the Ninth Circuit recently held *Cunningham* "did not announce a new rule of constitutional law." *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008); *see also Wright v. Dexter*, 546 F.3d 1096, 1097 (9th Cir. 2008). Instead, *Cunningham* "simply applied the rule of *Blakely*" to California's determinate

Page 6

sentencing law and its result was dictated by *Apprendi* and *Blakely*.[5/] *Butler*, 528 F.3d at 634-39.

Second, *Apprendi* and *Blakely* are not retroactive to convictions or sentences that became final before these decisions were issued. *See Rees v. Hill*, 286 F.3d 1103, 1104 (9th Cir. 2002) (holding the Supreme Court has not made *Apprendi* retroactive on collateral review); *Schardt v. Payne*, 414 F.3d 1025, 1033-34, 1038 (9th Cir. 2005) (holding *Blakely* does not apply retroactively to a conviction that was final before *Blakely* was decided); *Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004) ("the Supreme Court has not made *Blakely* retroactive to cases on collateral review."). As noted above, Petitioner's conviction and sentence became final for purposes of direct review on January 24, 2006. Consequently, Petitioner's judgment became final after *Apprendi* and *Blakely* were decided on June 26, 2000, and June 24, 2004, respectively. To the extent Petitioner's sentencing error claim is based upon *Apprendi* and *Blakely* as a newly recognized Constitutional right, the claim is time-barred because, regardless of whether the claim is based upon *Apprendi* or *Blakely*, the claim was raised in a petition that was filed at least four years after these cases had already been decided. 28 U.S.C. § 2244(d)(1)(C) (the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court.) Accordingly, Petitioner is not entitled to relief under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner's filings do not set forth any facts that show he is entitled

---

[5/] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000); *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).

to relief based upon a late discovery of the factual predicate.

E. **Equitable Tolling**

The United States Supreme Court has not yet decided whether AEDPA's limitation period allows for equitable tolling but it has assumed without deciding that it is available where the parties have agreed. *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007) ("We have not yet decided whether § 2244(d) allows for equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations.").

Although the Ninth Circuit has found equitable tolling is available, *Harris v. Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), it has repeatedly cautioned that "[e]quitable tolling is justified in few cases," and that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (same). "This high bar is necessary to effectuate the 'AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). Further, "[e]quitable tolling determinations are 'highly fact-dependent,'" *Id*. The petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Moreover, in *Pace*, the Supreme Court held "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 336; *Pace*, 544 U.S. at 418. *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitation period was running. *Mendoza*, 449 F.3d at 1070; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (stating that equitable tolling

requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). Further, the petitioner must demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802.

Apparently recognizing that his Petition is time-barred, Petitioner contends tolling is warranted because "[t]he purpose for Petitioner's delay is that he has a sixth grade education and is completely ignorant of the law," citing to *In re Saunders*, 2 Cal. 3d 1033 (1970). (Pet. Attached Sheet.) Liberally construed, the Court finds Petitioner appears to assert that he is entitled to equitable tolling based upon his lack of education and ignorance of the law.

At the outset, the Court finds *Saunders* is inapplicable to the equitable tolling analysis because it is a state case. Moreover, it is well-settled that a prisoner's general lack of education or ignorance of the law does not constitute extraordinary circumstances warranting equitable tolling. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of AEDPA's limitation period); *Ekenberg v. Lewis*, No. C 98-1450 FMS (PR), 1999 WL 13720, at *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); *Bolds v. Newland*, No. C 97-2103 VRW (PR), 1997 WL 732529, at *2 (N.D. Cal. Nov. 12, 1997) (same); *see also Hinton v. Pac. Enter.*, 5 F.3d 391, 396-97 (9th Cir. 1993) (mere ignorance of the law generally is an insufficient basis to equitably toll the running of an applicable statute of limitations); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of representation during the applicable filing period," nor

"illiteracy," provides a basis for equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (prisoner's lack of legal training, poor education, or illiteracy is an insufficient basis to toll the limitation period); *Mulholland v. Hornbeck*, No. EDCV 08-00823-MLG, 2008 WL 4554780, at *4 (C.D. Cal. Oct. 8, 2008) (neither "lack of education [nor] legal knowledge and expertise" warrant equitable tolling); *see also Lara v. Adams*, No. 1:08-CV-00706 OWW GSA HC, 2008 WL 4347746, at *4 (E.D. Cal. Sept. 22, 2008) (same); *Stewart v. Sisto*, No. 2:06-cv-02359 JKS GGH P, 2008 WL 3153100, at * 1 (E.D. Cal. Aug. 5, 2008) ("lack of education does not constitute adequate grounds" for equitable tolling); *Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy and lack of knowledge of law unfortunate but insufficient to establish "cause" for purposes of avoiding procedural bar on habeas claims).

In light of the above, the Court finds Petitioner is not entitled to equitable tolling because he has failed to satisfy either of the *Pace* elements. Petitioner has failed to meet his burden of showing he was reasonably diligent in pursuing federal habeas relief throughout the time that AEDPA's limitation period was running; nor has he shown that he was prevented from filing a timely petition because of extraordinary circumstances.

## ORDER

Based upon the foregoing, the Court finds the Petition, attached Memorandum, exhibits, and relevant state court records indicate the Petition is untimely. Accordingly, Petitioner shall have until **May 4, 2009**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends

1  he is entitled to tolling because of a lack of access to the prison law library due to a
2  purported lockdown or some other state-created impediment, his written response must
3  be supported by a declaration from the warden or prison librarian verifying that the
4  law library and library materials were unavailable throughout the relevant time period
5  because of the lockdown or other stated reason. Further, Petitioner must demonstrate
6  that, during the time that access to the prison law library was allegedly unavailable,
7  he made requests for legal materials to be brought to his cell and those requests were
8  denied.

9  **Petitioner is warned that if a timely response to this Order is not made,**
10 **Petitioner will waive his right to do so and the Court will, without further notice,**
11 **issue an order dismissing the Petition, with prejudice, as time-barred. Further,**
12 **if Petitioner determines the Court's above analysis is correct and the Petition is**
13 **clearly time-barred, he should file a Request For Voluntary Dismissal of this**
14 **action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

16  IT IS SO ORDERED.

18  DATED: April 13, 2009

                                        _____
                                        ARTHUR NAKAZATO
                                        UNITED STATES MAGISTRATE JUDGE

MC-275

Name  JASON BRADLEY TAPIA

Address  IRONWOOD STATE PRISON

P.O. BOX 2199

BLYTHE, CALIFORNIA

CDC or ID Number  E-32892

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 30 2007

C. Regalado

JWS

FEB 0 2 2007

**ORIGINAL**

IN THE SUPERIOR COURT

COUNTY OF RIVERSIDE
(Court)

JASON BRADLEY TAPIA
Petitioner
vs.

Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. INC 064675
(To be supplied by the Clerk of the Court)

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form before answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

PETITION FOR WRIT OF HABEAS CORPUS

WEST GROUP
Official Publisher

Penal Code § 1473 et seq.
Cal. Rules of Court, rules 56.5, 201(h)

Exhibit 1

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?   ☐ Yes. If yes, continue with number 13.   ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

   (2) Nature of proceeding (for example, "habeas corpus petition"): _____

   (3) Issues raised: (a) _____

   (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

   b. (1) Name of court: _____

   (2) Nature of proceeding: _____

   (3) Issues raised: (a) _____

   (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

_____

16. Are you presently represented by counsel?   ☐ Yes.   ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court?   ☐ Yes.   ☐ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 1-25-07

▶ _____
(SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 1999]       PETITION FOR WRIT OF HABEAS CORPUS       WEST GROUP
                                                                              Official Publisher       Page six of six

1016 (9th CIR. 2002) "A REASONABLE PROBABILITY IS LESS THAN A PREPONDERANCE '[T]HE RESULT OF THE PROCEEDING CAN BE RENDERED UNRELIABLE, AND HENCE THE PROCEEDING ITSELF UNFAIR, EVEN IF THE ERROR OF COUNSEL CANNOT BE SHOWN BY A PREPONDERANCE OF THE EVIDENCE TO HAVE DETERMINED THE OUTCOME." STRICKLAND, 466 U.S. AT 694, 104 S.Ct. 2052. IN UNDERTAKING THE ASSESSMENT, A REVIEWING COURT MUST ASSESS THE "TOTALITY OF THE EVIDENCE." ID. AT 695, 104 S.Ct. 2052.

ALTHOUGH THE JURY COULD HAVE CONCLUDED THAT PETITIONER SHOT VERN CHANDLER BECAUSE OF AN UNREASONABLE FEAR OF PERIL, THIS WAS NOT THE ONLY REASONABLE CONCLUSION FOR THE JURY TO REACH. THE CONCLUSION THAT PETITIONER COULD HAVE SHOT VERN CHANDLER UNDER THE OBJECTIVE REASONABLE MAN STANDARD WAS PRECLUDED BY THE PROSECUTOR'S STATEMENT THAT "THERE WAS NO SOOT ON PETITIONER'S BODY, CAUSED THE JURY TO BELIEVE THE OTHER WITNESSES, PAULINE, CHERIE CHANDLER, AND THURMAN THAT VERN WAS MERELY SHOT AFTER HE STOOD UP AS POINTED OUT BY DEFENSE COUNSEL IN HIS CLOSING ARGUMENT THAT "THIS COULD A SITUATION WHERE YOU COULD FIND UNREASONABLE SELF DEFENSE EVEN IF YOU BELIEVED VERN HAD A GUN." THE PROSECUTOR'S STATEMENT CAUSED THE JURY TO DISCOUNT THE OTHER TWO WITNESSES INCLUDING PETITIONER'S TESTIMONY THAT VERN GOT CLOSE TO PETITIONER WHEN PETITIONER SHOT HIM. THE STATEMENT THAT THERE WAS NO SOOT FOUND ON VERN'S BODY WAS NOT IN EVIDENCE AND PREJUDICED THE DEFENSE; WHEREFORE, THE CONVICTION SHOULD BE REVERSED.

DATED:

RESPECTFULLY SUBMITTED BY:
JASON TAPIA, PETITIONER
IN PROPRIA PERSONA

///
///
///